UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEYON LESLIE PHILLIPS, | ) 1:13-cv—00004-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS (DOC. 1) |
| | ) |
| v. | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| PAUL COPENHAVER, Warden, | ) AND DIRECTING THE CLERK TO CLOSE |
| | ) THE ACTION |
| Respondent. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on March 11, 2013 (doc. 9). Pending before the Court is the petition, which was filed on January 2, 2013.

I. Screening the Petition

Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

2

8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges he is an inmate of the United States Penitentiary at Atwater, California (USPA), who is serving a sentence of 327 months imposed on April 5, 2007, in the United States District Court for the Middle District of Georgia for a controlled substance offense pursuant to Petitioner's plea agreement. (Pet., doc. 1, 1.) Petitioner's sentence included a three-point enhancement for having committed a criminal offense against the laws of the state of Georgia – namely, a violation of O.C.G.A. Criminal Code § 16-5-21.

Petitioner challenges the enhancement and argues he is actually innocent of the enhancement. Petitioner alleges that the offense, an assault, does not render him a career offender because the government has not demonstrated that the conviction was the result of intentional or knowing conduct, and therefore his crime does not qualify for the enhancement.

Petitioner further alleges that his offense did not qualify as a "crime of violence" under the United States Sentencing Guidelines. Further, Petitioner alleges he never caused any physical harm to his victim, the mother of his children; thus, his offense did not involve the use or attempted use of violent force that was capable of causing physical pain or injury to another person.

3

1    Petitioner asserts that the decision of <u>Begay v. United
2 States</u>, 553 U.S. 137 (2008) entitles him to obtain relief in this
3 proceeding pursuant to 28 U.S.C. § 2241 because it renders § 2255
4 inadequate or ineffective.  He alleges he has challenged his
5 conviction and sentence by a previous motion pursuant to § 2255
6 in the sentencing court, which was denied even though his victim
7 swore in an affidavit that the assault was committed with a
8 butcher knife, Petitioner never caused her or her children any
9 physical harm, and she never filed charges alleging physical
10 harm.  (Doc. 1, 2-3.)  Petitioner also asserts that he was
11 coerced into pleading to the state offense.  (<u>Id.</u> at 3.)

       III.  <u>Legal Standards</u>

     A federal prisoner who wishes to challenge his conviction or
sentence on the grounds it was imposed in violation of the
Constitution or laws of the United States or was otherwise
subject to collateral attack must do so by way of a motion to
vacate, set aside, or correct the sentence under 28 U.S.C.
§ 2255.  28 U.S.C. § 2255; <u>Stephens v. Herrera</u>, 464 F.3d 895, 897
(9th Cir. 2006); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.
1988).  In such cases, the motion must be filed in the district
where the defendant was sentenced because only the sentencing
court has jurisdiction.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864
(9th Cir. 2000); <u>Tripati</u>, 843 F.2d at 1163.

     Generally, a prisoner may not collaterally attack a federal
conviction or sentence by way of a petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2241.  <u>Stephens v. Herrera</u>, 464
F.3d at 897;  <u>Tripati</u>, 843 F.2d at 1162.  In contrast, a federal
prisoner challenging the manner, location, or conditions of that

4

sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the exception is narrow. Id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to
§ 2255 did not render a § 2255 motion an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir.

2003).

IV. <u>Analysis</u>

Here, Petitioner challenges his underlying conviction and sentence. Because Petitioner is alleging errors relating to his conviction and sentence, and not errors in the administration of his sentence, Petitioner is not entitled to relief under § 2241.

Petitioner argues that § 2255 is inadequate and ineffective, in part, because Petitioner has already filed a previous motion pursuant to § 2255 which was denied.

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner has not shown that any newly discovered evidence is in issue or is otherwise material in this proceeding.

Petitioner cites <u>Begay v. United States</u>, 553 U.S. 137 (2008), which considered how to determine whether a state offense was a violent felony within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner appears to argue that it constitutes a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. However, the decision in <u>Begay</u> was based directly on statutory construction and not constitutional principles. <u>See</u>, <u>Begay</u>, 553

6

U.S. at 139, 142-47.  Further, Petitioner does not cite any authority, and the Court is aware of none, which determined that the case upon which Petitioner relies has been made retroactive to cases on collateral review by the Supreme Court.

Therefore, it appears that Petitioner would not meet the requirements for filing a successive motion pursuant to § 2255. However, the mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h).  See, Moore v. Reno, 185 F.3d at 1055.

Petitioner argues he is actually innocent of the offense because his state offense does not meet the statutory requirements of the federal statute.  Although authority in this circuit is limited, the § 2255 remedy is deemed inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim.  Stephens v. Herrera, 464 F.3d at 898.

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which requires petitioner to demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Stephens, 464 F.3d at 898.  Because Petitioner's claim rests not on an element of the underlying commitment offense involving a controlled substance, but rather on an element of the enhancement, Petitioner could not demonstrate that

7

his claim renders it more likely than not that he could have avoided a conviction altogether.

This view is consistent with circuit case law. In <u>Marrero v. Ives</u>, 682 F.3d 1190 (9th Cir. 2012), <u>cert.</u> <u>denied</u>, 81 USLW 3453 (No. 12-7775 Feb. 19, 2013), the petitioner brought a petition pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence for offenses which under intervening amendments to the sentencing guidelines were considered related, which would result in the petitioner's removal from career offender status. The court stated the following:

> Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post-2007 Guidelines, his claim is not one of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614[, 623], 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)." <u>Stephens</u>, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623, 118 S.Ct. 1604. We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

<u>Id.</u> at 1193. The court noted that sister circuits generally agreed that a petitioner cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. <u>Id.</u> The court expressly declined to decide if exceptions should exist for challenges based on assertions that a petitioner is factually innocent of the crime that served as the predicate conviction,

statutorily ineligible for the sentence, or subject to a sentence that resulted from a constitutional violation. Id. at 1194-95. The Court, therefore, concludes that Petitioner has not met his burden of establishing actual innocence under the pertinent test.

Likewise, Petitioner has not demonstrated that he was obstructed in his effort to set forth his claim. In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, it must be determined whether the petitioner's claim did not become available until after a federal court decision. Stephens, 464 F.3d at 898. A court will determine 1) whether the legal basis for petitioner's claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion," and 2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060-61.

Here, Petitioner appears to allege he had the opportunity to raise his claim in a previous proceeding pursuant to § 2255. There is no showing or attempt to demonstrate that Petitioner's opportunity to raise this issue has been obstructed.

In sum, the Court concludes that Petitioner has not shown that he is actually innocent of the offense. Further, he has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims. Thus, Petitioner may not raise his claims in a proceeding pursuant to § 2241 and the petition should be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d at 1061.

///

V. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to a court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B); <u>Hohn v. United States</u>, 524 U.S. 236, 239-40 (1998). An appeal from a proceeding that is undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001).

It appears from the face of Petitioner's § 2241 petition that Petitioner is raising previously unsuccessful claims attacking only the legality of his conviction and sentence, and not the execution of his sentence.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

///

3)   The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   March 28, 2013**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE